**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:05-cv-00946-LTB-OES

Bruce G. Van Ornum, and
Steven G. Shore,

Plaintiffs,

v.

Transamerica Capital, Inc.,
AEGON N.V.,
Paula Nelson, and
Larry N. Norman as individuals,

Defendants

**ORDER**

On July 12, 2005, this Court presided over a hearing related to subpoenas served upon Mike Rose ("Mr. Rose"), a Colorado resident and citizen. The subpoenas, one issued on January 13, 2005 by Transamerica Capital, Inc. ("TCI"), and the other issued on March 1, 2005 by Bruce Van Ornum and Steven Shore ("Plaintiffs"), relate to a case styled, <u>Van Ornum, et al. v. Transamerica Capital, Inc., et al.</u>, Civil Action No. 04-2950 (JMR/FLN), pending in the United States District Court for the District of Minnesota. The dispute presented for this Court's consideration involves documents and information in Mr. Rose's possession, custody and control which may be responsive to Plaintiffs' and TCI's subpoenas.

Mr. Rose is a former executive employee of TCI who was employed by TCI during the time period related to the underlying claims. As a third party to the litigation, and because of his responsibilities and obligations as a former TCI executive, Mr. Rose objected to producing the eight CD ROM disks containing approximately 339 folders and 5,721 files, one additional disk

containing email correspondence, and the equivalent of one box of documents in hard-copy format (the "Documents"). In his responses to Plaintiffs' and TCI's subpoenas, Mr. Rose informed the Court that the Documents are in his possession, custody and control by virtue of his former employment with TCI. Because of his senior-level position with TCI, Mr. Rose may have had access to attorney-client communications as well as confidential, proprietary or trade secret information. In his responses to Plaintiffs' and TCI's subpoenas, Mr. Rose suggested the Documents may contain privileged, confidential, proprietary, or trade secret information.

TCI proposed a procedure whereby Mr. Rose could first return the Documents to TCI to allow TCI to review the Documents and promptly (i) serve Plaintiffs with copies of all non-privileged, non-confidential, non-proprietary, non-trade secret and otherwise non-objectionable Documents in Mr. Rose's possession, custody or control which are responsive to Plaintiffs' discovery requests propounded to TCI, and (ii) provide Plaintiffs with a log identifying all responsive Documents withheld, if any, and the basis for withholding them.

On June 9, 2005, Plaintiffs moved to compel Mr. Rose's compliance with the subpoena they had issued. On June 30, 2005, TCI moved to compel Mr. Rose's compliance with its subpoena, and TCI moved for a protective order to address the parties' inability to come to an agreement regarding the appropriate production of the Documents.

This Court, having reviewed the parties' submissions, having heard argument of counsel for Plaintiffs and counsel for TCI, and otherwise being fully advised, hereby ORDERS and ADJUDGES as follows:

(1) Plaintiffs' Motion to Compel is denied. TCI owns the content of the Documents. As such, TCI is entitled to review the Documents to determine whether there might exist any

objections to their production. Mr. Rose shall not produce to Plaintiffs the Documents that respond to Plaintiffs' subpoena or which Mr. Rose obtained by virtue of his employment with TCI. Rather, Mr. Rose shall produce such Documents to TCI only. Thereafter, TCI will supplement its previous responses and objections to Plaintiffs' written discovery served upon TCI in light of the Documents provided by Mr. Rose, and TCI will serve Plaintiffs with a log identifying all responsive documents withheld and the basis for withholding them;

(2)   TCI's Motion to Compel is granted. TCI owns the content of the Documents. As such, TCI is entitled to review the documents to determine whether there might exist any objections to their production. Mr. Rose shall produce, only to TCI and not to Plaintiffs, the Documents in his possession, custody or control that respond to TCI's subpoena or which Mr. Rose obtained by virtue of his employment with TCI. Thereafter, TCI will supplement its previous responses and objections to Plaintiffs' written discovery served upon TCI in light of the Documents provided by Mr. Rose, and TCI will serve Plaintiffs with a log identifying all responsive Documents withheld and the basis for withholding them;  and

(3)   In light of the foregoing, TCI's Motion for Protective Order is denied as moot.

**SO ORDERED,** this 18th day of August, 2005.

                                            s/O. Edward Schlatter
                                            O. Edward Schlatter
                                            United States Magistrate Judge